UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

FLOYD JENNINGS #213611,    )
                           )
            Plaintiff,     )    Case No. 2:06-cv-1
                           )
v.                         )    HON. GORDON J. QUIST
                           )
UNKNOWN BERGH, et al.,     )
                           )
            Defendants.    )    **OPINION**
_____)

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

**Discussion**

I.   Factual allegations

Plaintiff is presently incarcerated at the Alger Maximum Correctional Facility (LMF). In his *pro se* complaint, he sues Defendants Unknown Bergh, Deputy Warden Lloyd Rapelje, Unknown Jones, Unknown Immel, Unknown Rife, Corrections Officer Tracy Berg, Corrections Officer Robert Wickstrom and Sergeant B. Hursh.

Plaintiff claims that after he refused a direct order to give up his coat, which had been blocking his cell window, he was denied all services, including meals and water for 20 to 24 hours. For relief, Plaintiff requests compensatory and punitive damages, as well as injunctive relief.

II.     Lack of exhaustion of available administrative remedies

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 516; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833, 119 S. Ct. 88 (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available. *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S. Ct. 634 (2000). A prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

Plaintiff's claims are the type of claims that may be grieved. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective Nov. 1, 2000); ¶ II (may grieve brutality and corruption by prison staff) (effective Oct. 11, 1999 and November 1, 2000).

The burden to allege and show exhaustion belongs to Plaintiff. *See* 42 U.S.C. § 1997e(a); *Knuckles El*, 215 F.3d at 642; *Brown*, 139 F.3d at 1104. This requirement is "so that the district court may intelligently decide if the issues raised can be decided on the merits." *Knuckles El*, 215 F.3d at 642. Plaintiff attaches copies of grievances to his complaint, which show that he exhausted his administrative remedies against Defendants Berg, Wickstrom, and Hursh. However, Plaintiff fails to show that he specifically named Defendants Bergh, Rapelje, Jones, Immel and Rife in any step I grievance. Plaintiff claims that he made reference to "supervisors and admin." in his step I grievance, and that this reference should cover Defendants Bergh, Rapelje, Jones, Immel and Rife. However, as noted above, the requirement is that a prisoner must specifically mention the involved parties in the grievance. *Curry*, 249 F.3d at 505. Accordingly, the Court finds that Plaintiff has failed to demonstrate exhaustion of available administrative remedies with regard to Defendants Bergh, Rapelje, Jones, Immel and Rife.

Because Plaintiff's complaint contains both exhausted and unexhausted claims, the Court will dismiss his action pursuant to the "total exhaustion" rule. Under the total exhaustion rule, the presence of an unexhausted claim results in the dismissal of the entire action. *Jones Bey v. Johnson, et al.*, 407 F.3d 801 (6th Cir. 2005). Dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th

Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997). Accordingly, the Court will dismiss Plaintiff's action without prejudice.

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.


Dated: February 15, 2006                               /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE