UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FLOYD JENNINGS #213611,

                    Plaintiff,                  Case No. 2:06-cv-1

v.                                         Honorable Gordon J. Quist

UNKNOWN BERGH, et al.,

                    Defendants.

_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On February 15, 2006, this Court dismissed Plaintiff's complaint without prejudice for failure to exhaust administrative remedies.  Plaintiff filed an appeal, and on June 8, 2006, the case was remanded to this court pursuant to *Jones v. Bock*, 127 S. Ct. 910 (2007).  The Court ordered service of Plaintiff's complaint on Defendants Unknown Bergh, Deputy Warden Lloyd Rapelje, Unknown Jones, Unknown Immel, Unknown Rife, Corrections Officer Tracy Berg, Corrections Officer Robert Wickstrom and Sergeant B. Hursh.  On September 27, 2007, and September 24, 2007, Defendants filed motions for summary judgment (docket #16 and #21) on the ground that Plaintiff failed to exhaust his available administrative remedies with regard to Defendants Bergh, Jones, Rapelje, Immel, Rife and Berg.  Plaintiff filed a response (docket #27) on October 16, 2007.  Upon review, I recommend that Defendants' motions for summary judgment be granted with regard to all Defendants except Defendant Berg.[1]

_____

        [1]Defendants concede that Plaintiff has exhausted his administrative remedies with regard to Defendants Wickstrom and Hursh.

## **Applicable Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir.), *cert. denied*, 126 S. Ct. 650 (2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir.), *cert. denied*, 126 S. Ct. 338 (2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense for which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief of the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could

2

find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## Facts

Plaintiff is presently incarcerated at the Standish Maximum Correctional Facility. In his *pro se* complaint, he sues Defendants Unknown Bergh, Deputy Warden Lloyd Rapelje, Unknown Jones, Unknown Immel, Unknown Rife, Corrections Officer Tracy Berg, Corrections Officer Robert Wickstrom and Sergeant B. Hursh. In his complaint, Plaintiff claims that after he refused a direct order to give up his coat, which had been blocking his cell window, he was denied all services, including meals and water for 20 to 24 hours. For relief, Plaintiff requests compensatory and punitive damages, as well as injunctive relief.

## Discussion

Defendants Bergh, Jones, Rapelje, Immel, Rife and Berg claim that they are entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies with regard to them. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See*

3

*Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001).  A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process.  *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999).  In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules.  *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006).  "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'"  *Jones*, 127 S. Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective Dec. 19, 2003)[2], sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint.  Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control  *Id.* at ¶ R.  If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution.  *Id.* at ¶¶ R, X.  The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly.  Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how).  Dates, times, places and names of all those involved in the issue being grieved are to be included."  *Id.* at ¶ T (emphasis in original).  The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent.  *Id.* at ¶ Y.

---

[2]The MDOC amended Policy Directive 03.02.130 on July 9, 2007.  However, the 2003 version of the policy directive was in effect at all times applicable to this lawsuit.

4

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business days of the response, or if no response was received, within five days after the response was due. *Id.* at ¶¶ R, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ FF. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ R, HH. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ HH. The Prisoner Affairs Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ II. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ U. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id.*

In addition, the grievance policy provides that, where the grievance alleges staff brutality or corruption, the grievance may be submitted directly to Step III. *Id.* at ¶S. In such instances, the grievance must be filed within the time limits prescribed for filing grievances at Step I. *Id.*

Defendants contend that Plaintiff failed to comply with the prison grievance policy, so that he did not exhaust his administrative remedies as required by *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). Defendants concede that Plaintiff filed a timely grievance against Defendants Wickstrom and Hursh, which was appealed to steps II and III. However, they state that Defendants Bergh, Jones, Rapelje, Immel, Rife and Berg were not named in the grievance. As noted above, the

prison grievance policy states that dates, times, places and names of all those involved in the issue being grieved are to be included at step I.

 In his response to the motions for summary judgment, Plaintiff admits that he only mentioned Defendants Wickstrom and Hursh by name.  However, Plaintiff states that he named the facility "supervisor and admin," and asserts that he did not name Defendants Bergh, Jones, Rapelje, Immel and Rife because he did not know their names.

 The undersigned notes that Defendants offer a copy of the step I grievance at issue, LMF-05-09-3024-17i, as an exhibit.  (*See* Defendants' Exhibit 2, attached to the September 24, 2007 motion for summary judgment, docket #16.)  A review of this document reveals that Plaintiff specifically named Defendants Berg, Wickstrom and Hursh in his grievance.  Plaintiff's reference to "supervisor and admin" is too vague and conclusory to identify any specific parties.  Therefore, the undersigned recommends that Defendants  Bergh, Jones, Rapelje, Immel and Rife be granted summary judgment due to Plaintiff's failure to name them in his grievance.  However, Defendant Berg is not entitled to summary judgment because Plaintiff did specifically name Defendant Berg in his grievance.

## Recommended Disposition

 For the foregoing reasons, I recommend that Defendants' motion for summary judgment (docket #16) be granted and that Plaintiff's claims against Defendants Bergh, Jones, Rapelje, Immel and Rife be dismissed.  In addition, I recommend that Defendant Berg's motion for summary judgment (docket #21) be denied.

 /s/ Timothy P. Greeley
 TIMOTHY P. GREELEY
 UNITED STATES MAGISTRATE JUDGE

Dated:   August 22, 2008

6

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).