UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FLOYD JENNINGS,

        Plaintiff,        Case No. 2:06-cv-1

v.        Honorable Gordon J. Quist

UNKNOWN BERGH, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

        Plaintiff Floyd Jennings, an inmate currently confined at the Chippewa Correctional Facility (URF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Unknown Bergh, Deputy Warden Lloyd Rapelje, Unknown Jones, Unknown Immel, Unknown Rife, Corrections Officer Tracy Berg, Corrections Officer Robert Wickstrom and Sergeant B. Hursh. Plaintiff's complaint alleges that after he refused a direct order to give up his coat, which had been blocking his cell window, he was denied all services, including meals and water for 20 to 24 hours. For relief, Plaintiff requests compensatory and punitive damages, as well as injunctive relief.

        On February 15, 2006, this Court dismissed Plaintiff's complaint without prejudice for failure to exhaust administrative remedies. Plaintiff filed an appeal, and on June 8, 2006, the case was remanded to this court pursuant to *Jones v. Bock*, 127 S. Ct. 910 (2007). The Court ordered service of Plaintiff's complaint on Defendants Unknown Bergh, Deputy Warden Lloyd Rapelje, Unknown Jones, Unknown Immel, Unknown Rife, Corrections Officer Tracy Berg, Corrections Officer Robert Wickstrom and Sergeant B. Hursh. On September 29, 2008, the court granted

summary judgment to all Defendants except Defendant Berg (docket #31). However, on June 16, 2009, Defendants Wickstrom and Hursh were reinstated (docket #48).

Presently before the Court is Defendant Berg's Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56 (docket #36). Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendant Berg maintains that Plaintiff's claims against him are barred by qualified immunity because Plaintiff has failed to show a violation of clearly established law. Government

officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

The procedure for evaluating claims of qualified immunity is tripartite: First, we determine whether a constitutional violation occurred; second, we determine whether the right that was violated was a clearly established right of which a reasonable person would have known; finally, we determine whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights. *Williams v. Mehra*, 186 F.3d 685, 690 (6th Cir. 1999).

When determining whether a right is clearly established, this court must look first to decisions of the United States Supreme Court, then to decisions of the Sixth Circuit and to other courts within this Circuit, and finally to decisions of other circuits. *Dietrich*, 167 F.3d at 1012. An official action is not necessarily protected by qualified immunity merely because the very action in question has not previously been held to be unlawful. Rather, in light of pre-existing law, the unlawfulness of the official's conduct must be apparent. *Dietrich*, 167 F.3d at 1012; *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir. 1991).

When making a qualified immunity analysis, the facts must be interpreted in the light most favorable to the plaintiff. Part of the analysis is to determine whether there are any genuinely

disputed questions of material fact. *Kain v. Nesbitt*, 156 F.3d 669, 672 (6th Cir. 1998). Where there is a genuinely disputed question of fact, it is for the trier of fact to resolve, not the judge. "This would be true notwithstanding that the trial judge found the [defendant] officer to be more credible than the plaintiff because it is not for the court to make credibility determinations at this stage of the proceeding." *Id.*

The operation of the qualified immunity standard depends substantially upon the level of generality at which the relevant legal rule is to be identified.

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of the preexisting law the unlawfulness must be apparent.

*Anderson*, 483 U.S. at 639-40. *See also Durham v. Nu'Man*, 97 F.3d 862, 866 (6th Cir. 1996), *cert. denied*, 520 U.S. 1157 (1997).

The Sixth Circuit has observed:

> A right is not considered clearly established unless it has been authoritatively decided by the United States Supreme Court, the Court of Appeals, or the highest court of the state in which the alleged constitutional violation occurred.

*Durham*, 97 F.3d at 866 (citing *Robinson v. Bibb*, 840 F.2d 349, 351 (6th Cir. 1988)).

Thus qualified immunity is not triggered only where the very action in question was previously held unlawful. *Anderson*, 483 U.S. at 639-40. Rather, the test is whether the contours of the right were sufficiently clear that a reasonable official would understand that what he is doing violated plaintiff's federal rights. *Id.*

Furthermore, a defendant need not actively participate in unlawful conduct in order to be liable under Section 1983. Rather, a defendant may be liable where he has a duty to protect

a plaintiff and fails to comply with this duty. *Durham*, 97 F.3d at 866-868 (holding that a nurse and a security guard at a state hospital may be liable under Section 1983 where they do not take action to prevent a patient from being beaten). *See also McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990)(a correctional officer who observes an unlawful beating may be liable under Section 1983 even though he did not actively participate in the beating), and *Bruner v. Dunaway*, 684 F.2d 422 (6th Cir. 1982), *cert. denied sub nom*, *Bates v. Bruner*, 459 U.S. 1171 (1983)(police officers who stood by and observed an unlawful beating by fellow officers could be held liable under Section 1983).

When faced with a qualified immunity defense, the court must first determine whether or not the plaintiff has stated a claim upon which relief can be granted. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Turner*, 119 F.3d at 429. If the court answers that question in the affirmative, the court goes on to determine whether or not the right allegedly violated was clearly established. *Turner*, 119 F.3d at 429. These are both purely legal questions. The immunity issue should not be resolved if there are factual disputes on which the issue of immunity turns such that it cannot be determined before trial whether the defendants' conduct violated clearly established rights. *Hall v. Shipley*, 932 F.2d 1147, 1154 (6th Cir. 1991).

In his complaint, Plaintiff claims that his Eighth and Fourteenth Amendment rights were violated because he was subjected to multiple punishments for the same offense and was denied water for 20 hours and food for 24 hours. Defendant Berg notes that the only claim which Plaintiff exhausted against him was his claim that Defendant Berg refused to serve Plaintiff his lunch on August 31, 2005. (*See* Defendants' Exhibit 2, docket #16.) Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust

his available administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001).

In this grievance, Plaintiff claims that on August 31, 2005, Defendants Berg and Wickstrom refused to give him his lunch tray because Plaintiff had refused to turn his coat over to prison officials after he improperly used it to cover his window.  In the step I response, Assistant Resident Unit Manager J. Rankin stated:

> Prisoner was interviewed and his concern was addressed.  You are correct, all services will be denied until you comply with the [imposing] of a restriction.  You were placed on a coat restriction for misusing your coat, and refused to [comply with the] imposing of that restriction signed/authorized by the Deputy Warden.  In the future I would suggest that you comply with staff's orders and follow the rules to avoid similar situations [from] occurring again.  Once you complied with staff's orders and allowed them to impose the restriction, all services were returned.

(*See* Defendants' Exhibit 2, docket #16.)

Defendant Berg states that this conduct does not violate the Eighth Amendment because it does not constitute cruel and unusual punishment.  The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.  Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981).  The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain."  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).  The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998).  The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement."  *Rhodes*, 452 U.S. at 348 (citation omitted).  Moreover, "[n]ot

every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In response to this assertion, Plaintiff states that the withholding of water for 20 hours and food for 24 hours constitutes a sufficient deprivation to implicate the Eighth Amendment. However, as noted by Defendant Berg, Plaintiff's claim against him consists of the mere denial of his lunch tray. In the opinion of the undersigned, the withholding of one meal does not constitute a "deprivation of essential food, medical care, or sanitation." *Rhodes*, 452 U.S. at 348. Moreover, as noted in the step I response to LMF 05-09-3024-17i, Plaintiff merely had to comply with the imposition of the coat restriction in order to be given both food and water. Therefore, Plaintiff had complete control over his access to food and water. In the opinion of the undersigned, such a situation does not rise to the level of an Eighth Amendment violation.

Defendant Berg also states that he is entitled to summary judgment on the Fourteenth Amendment claim because the deprivation of a single meal does not implicate due process protections. In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law. This due process of law gives the person the opportunity to convince an unbiased decision maker that, for example, he has been wrongly or falsely accused or that the evidence against him is false. The Due Process clause does not guarantee that the procedure will produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due process." *Martinez v. California*, 444 U.S. 277, 284, n.9 (1980). "[T]he deprivation by state action of a constitutionally protected interest in "life, liberty or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125

(1990) (emphasis in original). In the opinion of the undersigned, the deprivation of a single meal does not implicate the Due Process Clause. Moreover, as noted above, Plaintiff's access to food and water in this case was completely under his own control. Plaintiff merely had to comply with the coat restriction in order to receive access to both food and water. Therefore, it was his own conduct which caused the deprivation and the duration of that deprivation was under his own control. Consequently, Plaintiff was not deprived of due process of law.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendant Berg's motion for summary judgment. Accordingly, it is recommended that Defendant's Motion for Summary Judgment (docket #36) be granted. In addition, although Defendants Wickstrom and Hursh are not parties to this motion, they are entitled to dismissal from this action pursuant to the same rationale as that which is applicable to Defendant Berg. Therefore, the undersigned recommends that Defendants Wickstrom and Hursh be granted summary judgment for the same reasons as Defendant Berg, and that this case be dismissed in its entirety.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

                                               /s/ Timothy P. Greeley
                                               TIMOTHY P. GREELEY
                                               UNITED STATES MAGISTRATE JUDGE

Dated: June 19, 2009