UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FLOYD JENNINGS,

        Plaintiff,

Case No. 2:06-CV-1

v.

HON. GORDON J. QUIST

UNKNOWN BERGH, et. al.,

        Defendants.
                                      /

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on June 19, 2009. The Report and Recommendation was duly served on the parties. The Court has received objections from Plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court finds Plaintiff's objections to be without merit.

Plaintiff alleges that on August 31, 2005, Defendant and others denied Plaintiff all services, including meals and water, for 20 to 24 hours because Plaintiff refused to turn his coat over to prison officials after he improperly used it to cover his window. Plaintiff argues this treatment violates the Eighth Amendment's prohibition of cruel and unusual punishment and his Fourteenth Amendment due process rights. Defendant Berg moved for summary judgment on Plaintiff's 42 U.S.C. § 1983 claims, arguing that Plaintiff's claims are barred by qualified immunity because Plaintiff has failed to show a violation of clearly established law.

The Magistrate Judge recommended that the Court grant Defendant's motion for summary judgment. The Magistrate Judge found that Plaintiff only exhausted one claim against the Defendant, namely that Defendant refused to serve Plaintiff his lunch on August 31, 2005. The Magistrate Judge reasoned that (1) the withholding of one meal does not constitute a deprivation of essential food, medical care, or sanitation under the Eighth Amendment, and (2) Plaintiff had complete control over his access to food and water because Plaintiff merely had to comply with the imposition of the coat restriction to have access to food and water. Additionally, the Magistrate Judge stated that the deprivation of a single meal does not implicate the Due Process Clause because it was Plaintiff's own conduct which caused the deprivation, and the duration of that deprivation was under Plaintiff's own control.

The Magistrate Judge also went one step beyond Defendant Berg's motion. The Magistrate Judge stated that Defendants Wickstrom and Hursh are entitled to dismissal from this action pursuant to the same qualified immunity rationale applicable to Defendant Berg even though Defendants Wickstrom and Hursh are not parties to this motion.

Plaintiff made two objections to the Report and Recommendation. First, Plaintiff argued that the Magistrate Judge overlooked facts in the complaint, affidavit, and brief. Plaintiff argued that his complaint is not solely about the denial of lunch, but is instead about multiple punishments that he received for refusing to turn over his coat. Plaintiff claims that, after initially refusing to turn over his coat, he filed a grievance regarding the denial of services and made several attempts to give up his coat and have services reinstated.

Under 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002). Here, Defendant Berg notes, and Plaintiff did not dispute, that

the only claim which Plaintiff exhausted was the claim that Defendant Berg refused to serve Plaintiff his lunch on August 31, 2005. Therefore, Plaintiff's § 1983 claims are based solely on the deprivation of one meal on August 31, 2005.

The Eighth Amendment prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (citations omitted). The Eighth Amendment is only concerned with deprivations of essential food, medical care, or sanitation. *Rhodes v. Chapman*, 452 U.S. 337, 348, 101 S. Ct. 2392, 2400 (1981). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. Here, the Court agrees with the Magistrate Judge that the deprivation of one meal for failure to comply with the coat restriction does not implicate the Eighth Amendment's prohibition of cruel and unusual punishment.

The Court also finds that the denial of one meal does not violate the Fourteenth Amendment's Due Process Clause. The Due Process Clause protects an individual against the deprivation of life, liberty or property without due process of law. Here, Plaintiff has had the opportunity to convince an unbiased decision maker regarding the validity of his claims, and Plaintiff has failed to show that the deprivation of one meal violates clearly established law.

In his second objection, Plaintiff argues that the Magistrate Judge erred in going beyond Defendant Berg's motion for summary judgment and dismissing Plaintiff's claims against Defendants Wickstrom and Hursh pursuant to the same qualified immunity rationale. District courts possess the power to enter summary judgment *sua sponte* provided that the losing party (1) was on notice that he had to come forward with all of his evidence and (2) had a reasonable opportunity to respond to all issues considered by the court. *See Bennett v. City of Eastpointe*, 410 F.3d 810, 816-

17 (6th Cir. 2005). Here, the Magistrate Judge's Report and Recommendation put Plaintiff on notice that he had to come forward with all of his evidence in his objections. Even taking all of Plaintiffs allegations as true, Plaintiff failed to present specific facts showing that there is a genuine issue for trial. Therefore, Plaintiff's claims against Defendants Wickstrom and Hursh are dismissed pursuant to the same rationale above and in the Report and Recommendation. Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (Docket # 49) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Berg's motion for summary judgment (Docket # 36) is **GRANTED**, and the Court *sua sponte* **GRANTS** summary judgment for Defendants Wickstrom and Hursh.


Dated: September 29, 2009                            /s/ Gordon J. Quist
                                                                                       GORDON J. QUIST
                                                                  UNITED STATES DISTRICT JUDGE